Davis v. Bond.

M. DAVIS et al., Respondents, v. NEWTON BOND, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. Pleading: PETITION: RESCISSION OF CONTRACT. A petition bond on a contract, which alleges that the obligation to pay for a certain amount of work and labor performed by the plaintiff, was discharged by the delivery of certain property to the plaintiff "as a payment for the work and labor performed" does not state a cause of action against the defendant by stating in addition to the above that defendant retook the property from plaintiff.

2. Contract: STATEMENTS IN PETITION ARE CONCLUSIVE AGAINST PLAINTIFF. Parties are absolutely concluded by the statements contained in their pleadings.

*Appeal from the Howell Circuit Court.*—HON. J. N. EVANS, Judge.

REVERSED AND REMANDED (*with directions*).

A. H. LIVINGSTON and JOHN F. BLACK for appellant.

There is a total failure of proof, and on this point, as to the law, it is needless to cite authorities. The petition alleges a contract, the performance thereof, and payment for the services stated; but further avers that one of the parties, the appellant, rescinded the contract after performance, and took back the property that had been paid. Under the allegation of the petition it is difficult to see how this action could be sustained, if after the contract was performed, as averred, the appellant might be liable in replevin, trespass or conversion. But it seems self-evident that this action on the contract can not be maintained,

because its performance on part of both parties is con-
clusively averred. But there is no evidence to support
the allegations made. There is not one word of testi-
mony, or even an intimation, that appellant ever took
back, or in any way received back, the property that
he had paid for and delivered to respondents. The con-
tract introduced by respondents acknowledges full
payment, and the petition alleges payment, and so far
as the evidence goes, they still have the contract price,
yet they recover a judgment for that which they aver,
and prove they have received.

S. A. HANDY and W. M. PETTY for respondents.

The first error assigned by appellant, we think, is
not well taken. We think there was sufficient evidence
introduced by respondents for the case to be submitted
to the jury. Where there is evidence to sustain the
material allegations of a petition, and when the facts
are disputed, or when the material facts are in doubt,
or when there are inferences to be drawn from the
facts proven, or when there is some evidence, however
slight, tending to establish some of the facts necessary
to a recovery the case should be submitted to a jury.
Higgins v. R. R., 43 Mo. App. 547. A demurrer to
the evidence admits not only the facts given in evi-
dence, but every fair and reasonable inference from
the facts in favor of the plaintiff. Wilson v. Board of
Education, 63 Mo. 137; Charles v. Patch, 87 Mo. 450;
Noeinger v. Vogt, 88 Mo. 589; Berry v. R. R., 124
Mo. 245; Smith v. Hutchinson, 83 Mo. 690. The
court is not at liberty to make inferences of facts in
favor of the demurrant to countervail or overthrow
either presumptions of law or inferences of fact in

favor of the other party.  Buesching v. Gas Light Co.,
73 Mo. 219.

BOND, J.—The petition in this case, omitting the
caption, is as follows:  "Plaintiffs state in their
amended petition for cause of action against defendant,
that on the 3rd day of August, 1896, they entered into a
written contract with defendant to dig a ditch for said
defendant on his farm situated on Gunter's Valley, in
Howell County, Missouri, whereby they agreed to dig
said ditch 20 feet wide at the top and 16 feet wide at
the bottom, said ditch to be dug to a depth  sufficient
at all places to carry water; said ditch to commence at
a place known as Naney's Pond and to run through
defendant's farm to Bishop's land, where creek passed
out of defendant's farm; said ditch to be dug and
completed within six months from date of contract.
Plaintiffs further state the consideration for digging
said ditch was $200 and that the defendant on the  day
that the agreement was made and entered into, viz.,
3rd day of August, let plaintiffs have two horses, one
Old's wagon and a double set of harness,
PETITION.      the purchase price being $190 as a payment
for the digging of said ditch.   Plaintiffs
state that said ditch was completed within the  time
specified by said contract, and that defendant, after-
ward, viz., 3rd day of February, 1897, rescinded the
payment of $190 paid to plaintiff, by taking possession
of the said horses and wagon and harness.   Plaintiffs
therefore pray judgment for the sum of one hundred
and ninety dollars, for labor done and performed on
said ditch."

The answer admitted the making of the written
contract alleged in the petition, and denied all other
allegations.   Plaintiffs gave evidence tending to show
the performance of the work specified in the contract,

and that one of the plaintiffs had not been paid. The testimony is silent as to the allegation in the petition that the defendant retook the property, alleged to have been given in payment for the work to be done under the contract. The court overruled defendant's demurrer to the evidence. The jury returned a verdict for plaintiffs for $190, from which defendant appealed.

The petition does not state a cause of action. It alleges that the obligation to pay, according to the contract with plaintiffs, was discharged by the delivery of certain property received by plaintiffs "as a payment for the digging of said ditch." It is true that the petition also alleges that defendant *rescinded* this payment by retaking the property. This statement could not be correct in the full sense of the terms employed. Defendant might have retaken the property, but he could not *rescind* the agreement, as to its reception in payment, without the consent of plaintiffs, unless it had been delivered through fraud or mistake, which is not claimed. Mfg. Co. v. McCord, 65 Mo. App. loc. cit. 509. As the petition did not aver that plaintiffs acquiesced in the attempt of the defendant to *rescind* the satisfaction of the contract, the conclusion can not be escaped that it seeks a recovery on a contract which it also shows has been extinguished. Parties are absolutely concluded by the statements contained in their pleadings. Ramsey v. Henderson, 91 Mo. 560; Wilson v. Albert, 89 Mo. 537; Weil v. Psten, 77 Mo. 284; Kuhn v. Weil, 73 Mo. 213. As there is nothing in the evidence showing the real nature of the transaction between the parties, we are at a loss to suggest the proper procedure on the remanding of this cause. If the parties *mutually* agreed to annul the payment of the liability under the contract, there is no reason why, upon allegation and proof of that fact, plaintiffs might not recover upon the contract.

*PARTIES concluded by statements in their pleadings.*

If, however, the property received in satisfaction of the contract was repossessed by defendant without the assent of plaintiffs, then they have a cause of action for the tort thus practiced. We will reverse the judgment and remand the cause, with permission to plaintiffs to replead, if they are so advised. All concur.