## W. T. DAVIS et al., Respondents, v. NEWTON BOND, Appellant.

### St. Louis Court of Appeals, May 8, 1900.

1. **Practice, Trial:** PRACTICE, APPELLATE: BILL OF EXCEPTIONS MUST BE FILED AT TERM WHEN RULING IS MADE. A point is not reviewable by the appellate court unless the party files a bill of exceptions to the adverse ruling of the court at the term when the ruling is made.

2. **Evidence:** CONVERSION OF PROPERTY: CONSTRUCTION OF CONTRACT. In the case at bar, there is substantial evidence in the record tending to show that appellant converted the property sued for, which had been received by respondent in satisfaction and payment of the performance of their contract to dig the ditch over appellant's land.

3. ———: ———: INSTRUCTIONS. Instructions in the case at bar examined and it is held that they properly declared the law to the jury.

Appeal from the Howell Circuit Court.—*Hon. William C. Evans*, Judge.

AFFIRMED.

*H. D. Green, J. F. Black* and *W. J. Orr* for appellant.

(1) The trial court should have granted the change of venue, the application was found to be in due form. Douglas v. White, 134 Mo. 228. (2) Instruction number 2 for respondent is not the correct interpretation of the written contract under the evidence. (3) There is an irreconcilable conflict between the instructions given on the part of plaintiff and those given on part of defendant. If this is true no citation of authorities are necessary. State v. Cable, 117 Mo. 380; Redpath v. Lawrence, 42 Mo. App. 101. (4) Instruction number 1 given for plaintiffs is erroneous in that it is a comment on the evidence and is not a sufficient interpretation of the written contract. (5) Instruction number 3 given by plaintiffs was improper because it refers the jury to a mortgage deed to ascertain its conditions and provisions, which deed was not in evidence.

*S. A. Handy* for respondents.

(1) The first point raised by appellant is that the court erred in refusing to grant appellant a change of venue on his application. The application for change of venue was properly overruled for the reason that appellant refused to deposit $10 with his application. Laws 1895, section 2272a. He failed to preserve a bill of exceptions to the court's ruling at that term. Our contention is that he waived this question because of his failure to file his bill of exceptions at the time at which the application for change of venue was filed. Car-

penter v. McDavitt & Cottingham, 53 Mo. App. 399.   (2) The action of the trial court in refusing to allow a change of venue will not be noticed in the appellate court, unless shown by a bill of exceptions taken at the time at which the change of venue was refused.   State v. Ware, 69 Mo. 332; State v. Schuchmann, 133 Mo. 111.   In the case of Douglas v. White, 134 Mo. 228, cited by appellant, the application for a change of venue was denied because no notice was given to the adverse party before filing the application, and we fail to see that that case has any bearing on this case.

BOND, J.—This is an action for conversion of a wagon, two horses and a set of double harness, brought by the plaintiffs in conformity with the right of a re-pleader accorded to them on a former appeal (75 Mo. App. 32).   There was a trial and judgment in the justice's court, where the suit was begun, and an appeal therefrom to the circuit court, whereafter at the November term, 1898, of the circuit court of Howell county the defendant applied for a change of venue, which was overruled at said term, for the reason that the applicant failed and refused to desposit $10 required by the Act of April 8, 1895, incorporated as sections 833 and 834, revision of 1899.   No exception was taken to this disposition of the application for change of venue, nor any bill of exceptions filed at said term of the court, and thereafter at the June term of said court, 1899, a trial was had on the merits, and judgment rendered for plaintiff for $190, from which defendant appealed.

It is insisted by the learned counsel for appellant that the act of the legislature requiring a party applying for a change of venue to deposit with his application the sum of $10, and further providing this sum shall be paid the judge who shall try the case upon the award of such application, is unconstitutional in that it would work an increase of the salary of such judge during his term of office.   Appellant,

therefore, contends that the denial of his application for a change of venue for his failure to comply with the statute was error. This point is not before us for review, since appellant filed no bill of exceptions to the adverse ruling of the court on his application for a change of venue at the term when the ruling was made. State v. Ware, 69 Mo. 332; State v. Schuchmann, 133 Mo. 111; Carpenter v. McDavitt, 53 Mo. App. 399, and cases cited.

It is next insisted that the court erred in its instructions as to the duty of plaintiffs in digging a ditch for defendant. The contract between the parties required "the ditch to be dug twenty feet wide at the top and sixteen feet at the bottom of said ditch and to be dug of a depth sufficient at all places to carry water," in construing which the court told the jury that the plaintiffs must show a compliance with the dimensions of the ditch as specified in the contract, and that it should be "of sufficient depth at all places to carry running water from what was known as Naney pond to what was known as the Bishop farm" (these being the terminal points prescribed in the contract).

For appellant the court gave the following instruction: "The court instructs the jury that the contract made between plaintiffs and defendant means that the plaintiffs were to make a ditch for defendant that would carry water from the main channel of the creek." There is no substantial difference between this instruction and the one given for respondents, of which complaint is made. All that appellant asked the court to declare as to the contract of respondents to dig the ditch, was that it required one, which would carry water from the main channel of the creek (specified in the contract to be Nancy pond). This certainly did not render it necessary to dig the ditch of a greater depth than was sufficient to carry running water from the beginning point to the other watercourse which it was proposed to reach. Hence if the court failed to require of respondents the full duty which

they assumed under their contract with appellant, the error was invited by the instruction given for appellant as a definition of the meaning of the contract, and he can not complain of a self-invited error. No other errors are assigned. There is substantial evidence in the record tending to show that appellant converted the property sued for, which had been received by respondents in satisfaction and payment of the performance of their contract to dig the ditch over appellant's land.

The judgment is accordingly affirmed. Judge *Bland* concurs; Judge *Biggs* absent